*Alan M. Medof,* for Vaughn.

IN THE MATTER OF MILTON NORRIS BRONSON.
(Supreme Court Disciplinary No. 664)
(385 SE2d 663)

Per curiam.

Bronson was charged by the investigative panel of the State Bar of Georgia with a violation of Standard 63 of Bar Rule 4-102, in that he failed to account promptly to his client for funds received by him and belonging to that client.[1]

1. The facts of the case seem to be remarkably uncomplicated. Bronson received a settlement check on behalf of his client in the amount of $500, of which $75 was to be retained by Bronson as a legal fee. The check was deposited in a personal bank account, rather than in a trust account. Bronson paid the $425 to his client after a period of approximately fourteen months, and only after his client had filed a complaint with the State Bar of Georgia.

2. Notwithstanding these plain facts, Bronson's response to the petition filed against him was the equivalent of a general denial. The answers that he gave on deposition were evasive and devious,[2] and on two occasions, the special master entered against him orders compelling discovery.

3. Thereafter, Bronson filed a petition for the imposition of voluntary discipline, acknowledging that he deposited the settlement check in his personal bank account, and suggesting that he be suspended from the practice of law for a period of sixty days. A review of that petition, however, discloses that Bronson admits only to a commingling of his client's funds with his own, while steadfastly denying

---

[1] For prior disciplinary proceedings against Bronson, see the order of this court dated July 2, 1980, and styled: No. 58. In the Matter of: Milton N. Bronson; No. 35, In the Matter of Milton N. Bronson. That order found Bronson guilty of wilful abandonment of matters entrusted to him by his clients. It directed:

After a review of the record we adopt the recommendation of the State Disciplinary Board. The Chairman of that Board is authorized and directed to prepare a public reprimand to be read in open court by a judge of the superior court of the county of [Bronson's] residence and in [his] presence, pursuant to Rule 4-220(a) of the State Bar of Georgia.

[2] As example, note this exchange in regard to the public reprimand that we ordered in 1980:

A. I have not been reprimanded verbally by a judge, let alone held in contempt.
Q. Have you ever been reprimanded by the Supreme Court of Georgia?
A. Only insofar as a matter of record with the State Bar.
Q. Okay. Thank you.
A. If that constituted a reprimand.

any breach of duty in failing to account. His prior reprimand is dismissed by him as "unrelated in kind" and "remote in time to the incident at bar." Ironically, in support of his petition, Bronson avers that he "has cooperated fully and has provided to Counsel for the State Bar of Georgia full financial disclosure. . . ."[3]

4. In the light of these circumstances, and bearing in mind Bronson's prior reprimand, we view the recommendation of a sixty-day suspension as inadequate and inappropriate. Accordingly, the matter must be remanded for further proceedings.[4]

*Remanded for further proceedings. All the Justices concur.*

DECIDED NOVEMBER 22, 1989.

*William P. Smith III, General Counsel State Bar, Paul B. Cohen, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[3] Despite what appears to be a continuing recalcitrance on Bronson's part, his petition offers as mitigation several family problems of substantial gravity.

[4] We take this opportunity to address the general circumstance where a lawyer offers to submit to voluntary discipline of an expressed kind (e.g., a sixty-day suspension, as in this case), and such an offer is rejected within the disciplinary proceedings, or by this court. A strong analogy is found in the practice relating to negotiated pleas in criminal cases, and the same protections there provided must pertain in cases of petitions for voluntary discipline. Specifically, if the expressed conditions of a petition for voluntary discipline are rejected as an inadequate sanction, the matter shall proceed as though no such petition had been filed. That means, of course, that any admissions contained in the petition may not be considered in determining the facts of the case.